We'll call the case now of Moreno v. Attorney General. Is it Mr. Sachs? Yes. Good afternoon, Judge. Good afternoon. Counsel. Judge, I'm also here by my associate, Adriana Mitchell. Good afternoon. Good afternoon. My name is Wayne Sachs. I'm privileged here to argue on behalf of Petitioner Emiliano Moreno. I'll say I'm going to ask to reserve four minutes of rebuttal time. And even though this is a matter of first impression in this circuit, that is to say whether the Pennsylvania statute which proscribes the possession of child pornography, even though it's a matter of first impression in this circuit, I would respectfully suggest that it's a very straightforward and easy issue for this court because based on the categorical analysis that this court adheres to, conduct under the statute reaches. But would this be an easy case for our court if we didn't employ a categorical approach and simply looked at the record of conviction and this is possession of child pornography and would anybody argue that's a crime involving moral turpitude? No, Your Honor. It wouldn't be a difficult case at all because everyone is against child exploitation and sexual abuse of children and the distribution of child pornography in a non-consensual setting, in a non-privacy setting, between non-consenting people who are not just factually consenting but people who are of age to consent. Isn't the question whether that's a crime involving moral turpitude or not? Yes, Your Honor. That's solely the issue in the case is whether this statute which Following up on Judge Finansky's question, isn't child pornography a crime involving moral turpitude? Well, there's a statute at issue, Judge. Child pornography is an undefined, it has to be analyzed. There's a criminal statute which it's not child pornography in the abstract. We could say that the exploitation of children, the sexual abuse of children, those are obviously morally abhorrent things that we all are against and are turpitudinous. But in this case, there's a particular statute which prescribes certain acts. And the statute is written so broadly as to cover even consensual activity between people, between teenagers essentially who are over the age of 16 and under the age of 18 who are engaged in the private dissemination through digital or other photographic or video means that are endemic to our modern world. This is an immigration case. Yes, it is, Your Honor. Can't we, for our purposes, just focus on what this person did? In other words, it was possession of child pornography. Why can't we just focus on that and determine whether that is a crime involving moral turpitude? Well, by the Court's question you're asking, can you focus on the facts of the case, only if you've decided to go against all the jurisprudence in this Court going back for about the last 15 years having to do with the categorical analysis from Jean-Louis Thruman and Totemay and Maboub and Partika and all the crime involving the child endangerment, the child welfare case that the Court just decided last year. And I believe several of those panels you were on, Judge Fuentes. So, sure, you could look at the facts. Is it the situation where the statute sweeps in too much conduct? Yes, Your Honor, precisely. And it's a nondivisible statute. And so the statute sweeps in too much conduct. And under the law in this circuit, that is determined just by a statutory analysis. In other words, the reasonable possibility standard from Duane S. Alvarez, and that requires in other circuits for the petitioner or the immigration respondent to point to specific prosecutions, is not a requirement in this circuit. Let me give you this example. Sure. The U.S. Supreme Court has determined that tax fraud, tax fraud is a crime involving moral turpitude. That case was Jordan versus, I think it was DeGeorge. Yes, I think so. Tax fraud can be committed any number of ways. I can imagine quite a few. But that is a crime involving moral turpitude. Now, why, if we follow the Jordan versus DeGeorge case, isn't child pornography itself a crime involving moral turpitude? Well, Your Honor, if you look at the history of fraud as a, fraud and moral turpitude have basically always been intertwined in such a way. Is it the fraud element that's involved in tax fraud? All fraudulent conduct, whether there's, I think the language in the statute and the immigration statute is involving fraud. So that even if fraud is not an element of the crime, it sweeps fraud into its commission. And that it's committed in a fraudulent way or that fraud adheres in the behavior. So what the Court is asking me really brings us to the vagueness issue in the case, which that is, which I, with the Court's permission, I'd just like to hold off for a second. And I'll just say for the overbreath issue in this circuit, in order to examine what the respondent, what the petitioner did and whether that was to be in possession of turpitudinous materials or he committed something that was morally turpitudinous, as I said, would reject this Court's jurisprudence, which only looks to the statute. It's a non-divisible statute. And, however, in this case, we've not only shown textually that the statute could be applied to a situation involving consenting teenagers who straddle the 18-year-old line with the possession, the private possession of images. But you're linking your analysis that this is okay to the fact that Pennsylvania has a statutory consent of 16 for the act of engaging in sexual activity. Aren't pictures different? And isn't there a principled reason? And I'll go with you on you've got to look at the statute, not the facts, for the purpose of this discussion. Looking at the statute, Pennsylvania has decided that photographs taken by someone over 18, of someone under 18, of one of the prohibited acts, which is defined as including all those sexual behaviors. Even nudity. If done for the purpose of sexual gratification. Of either party. It doesn't matter. There's a bad intent requirement. So this statute is drafted in a way that survives. My question is, isn't the taking of the photograph different than the act? And, hence, we should consider the child pornography statute something that is a crime involving moral turpitude. Because the images that have been taken are no longer private images. They're permanent. They can be shared. And the statute looks to protect those who are depicted in those images. So isn't the fact that it's photographs make it irrelevant what the statutory age of consent is for sex? Let me answer it two ways, just once. Sure. Number one, I would not agree that the mere taking of a picture is inherently base, vile, or depraved, and contrary to the accepted rules of morality. What about all the Supreme Court cases that say just that? That these capturing the images are problematic for all the reasons I just described? If I could, Your Honor. Sure. Especially since it's not, this statute does not even prescribe just the taking of images. This could be a situation where the 17-year-old sends, let's say in the colloquially term sexting, or sends an image to her 18-year-old boyfriend. So you could have under this statute, you could have a 17-and-a-half-year-old girl texting a topless photo, sexting, or whatever it is, I'm not a digitally advanced person, but sexting a topless photo to her 18-year-old boyfriend. But Pennsylvania has taken care of that. Where the actor is a minor, there's a different statute that applies. So we really only talk, I don't think it will work that way because their actor here is the minor. Where both actors are minors, Your Honor. The reception, in other words, for the Pennsylvania taking care of it part of it, which we discuss in our brief, both parties have to be under the age of 18. But if they straddle, if the couple straddles the line between 17 and 18, then the 18-year-old who receives the cell phone image of his girlfriend totally consensually, and then doesn't show it to anyone, can be prosecuted and convicted of child pornography. And it's not just me saying it under the text of the statute. It's the very case of kushmanik, which we discuss extensively in the brief. I think we're all familiar with that. Right. But you've got to deal with kitchen, which is a presidential opinion affirmed by the Pennsylvania Supreme Court, which comes to the opposite conclusion. Well, Your Honor, I wouldn't, for purposes of what this court has to do with all respect, having to do with reasonable possibility here. Are we allowed to even, and it's realistic probability, are we really allowed to use that in our circuit? Well, I'll just. For crimes involving more turpitude in light of Jean-Louis? Your Honor, there's no case that ever, it's not whether you can use it, it's whether it's satisfied by a textual analysis or not. So in this case, the textual analysis shows that it can go into that 17, 18-year-old situation. But to do, we've done more than what's required in this. In other words, we've done more than showing that it's theoretically possible. We've shown the actual prosecution. And I would submit that the kitchen case, the important part of the kitchen case, is the portion that's cited in our brief, which is the concurrence, where Judge Brofsky was constrained to agree with the decision, despite what he sets out to be the overbreath, where this 17- and an 18-year-old could even have been married, and the pictures could have gone no further than the reception by the person to whom they were intended to be, so that it does not go into the inherently base vial depraved category. Well, let's just continue with that definition of base vial depraved. Contrary to the accepted rules of morality and duties owed to other persons. That's the whole definition. Yes, Your Honor. So focus on that for a moment. We have the Pennsylvania statute, which is enacted by the legislatures, the representative of the people saying pictures taken by somebody over 18, of those who are under 18, are prohibited. Plus, we have the Ninth Circuit saying child pornography is morally turpitudinous, and several other state courts. Aren't those barometers that we need to be mindful of to determine whether this is the kind of thing society would consider to be a morally turpitudinous act? Judge, let me answer this way. The Pennsylvania statute, I'm not quibbling with the statute. Pennsylvania has the right to write a broad statute. The question is, when the breadth of the statute does not coexist with our definition of moral turpitude, then the statute is overbroad, end of story. And you mentioned the Ninth Circuit case. That case is entirely bereft of any categorical analysis, as is the BIA decision of Olkein, which was issued in 2006. In fact, for the court to accord any deference to Olkein and to you shouldn't accord any deference to the BIA decision here, because what's at issue here is a construction of a Pennsylvania criminal statute, which the court gives no deference to. There are actually four circuits, the Fourth, the Seventh, and the Eleventh, that have held that the term is not unconstitutionally vague. Well, Judge, I haven't gotten to the vagueness argument yet, but I just want to say, with regard to the overbreadth argument. The term has run out. With regard to the overbreadth argument, the Ninth Circuit case you mentioned, which is cited in the Olkein, those cases are, they refer to Ashcroft v. Free Speech Coalition and U.S. v. Tillman. Those are cases which you can't really quibble for the sentiment that child exploitation and the production and distribution of child pornography is wrong. No one is quibbling with that. But that's not the issue in our case. In our case, and that's, frankly, Olkein conducted no categorical analysis. In fact, this Court would have to discard its last 12 years of jurisprudence and the tools that it's ---- The Ninth Circuit did acknowledge both the applicability of the categorical and non-categorical, then proceeded to say, looking at ---- Lip service. They gave lip service to it. Well, you ---- They gave lip service to it. A sister circuit made a statement about that those doctrines applied, and then turned to Jordan v. DeGeorge and said, we should consider how other judicial decisions have addressed the issue. You have to ---- I would most respectfully say this circuit has a proud and very entrenched history with regard to applying the categorical analysis. And you cannot, with all respect to the sister circuit and to the BIA, you can't look at those opinions and say that there's any categorical analysis employed in those. Let me ask you a question, because it has to do with deference that we give the BIA. Okay. They decided a case, it's Alquin v. Rufino. Alquin, yes. Alquin. Okay.  Alquin-Rufino. Alquin-Rufino. Right. Versus, well, I don't have a versus. In re. It's in re. Yes, Your Honor. The point is that that case decided, and I'm going to read from its final paragraph. In light of the foregoing, we agree with the immigration judge that the offense of possession of child pornography is morally reprehensible and intrinsically wrong. We therefore conclude that the respondent was convicted of a crime involving moral turmoil. Yes, Your Honor. Now, as I understand our deferential rules, we have to give that a high degree of deference. I would suggest. And if we were to do that in this case. I would suggest not. Number one, they were looking at a Florida statute, which is not exactly coterminous with the Pennsylvania statute. But they're talking about possession of child pornography. Your Honor, the question is, that's a phrase that describes a lot of things. The issue for this court is what it describes in Pennsylvania. And if it describes something that cannot be deemed to be turpitudinous, then the court has to rule, with all due respect, that this statute is overbroad with regard to that removal. Because not all activity under the statute is covered by the removal. The essence of your argument is that the statute is really vague because you really can't tell what child pornography is. Well, certainly the statute we're speaking about now goes, if you're turning to vagueness, has to do with the definition of child pornography, of crime involving moral turpitude. And I'll turn to that vagueness in just one second. The court has to, is construing a Pennsylvania statute. And I would respectfully suggest that in discerning the elements of that Pennsylvania statute, no deference is owed to the agency. That's number one. Number two, to the extent that sweeping statements regarding child exploitation and sexual abuse of minors were cited in Old Queen and relied upon by the BIA in the instant case and by the IJ, respectfully, Judge Schwartz, to your question, those have no relevance, nor does legislative history, as cited by my colleague here. We're not talking about whether things are morally, can be morally reprehensible. We're talking about whether they have to be morally reprehensible under the statute. Very quickly on vagueness. And it's a, you don't have to decide the vagueness issue to decide the overbreadth issue. But you should look at the vagueness issue, and not just because it's a hot issue in this circuit. You should look at it because the very facts of a hypothetical situation here where the 17-year-old and the 18-year-old, across the 18-year-old divide, are consensually transmitting digital images, which are endemic to the modern world, many people would not say that that's the parade behavior. But in other parts of the country, perhaps all nudity of someone under the age of 18 might be deemed to be depraved behavior. Is there any consequence to the fact that we're looking at this in an immigration administrative context, as opposed to non-immigration? Your Honor, according to what this Court suggested in Baptiste and said outright in Matteo just two months ago, I would suggest not, nor, and with all respect to my colleague, is there any significance to the fact that this case arose in the inadmissibility context? And that is to say that under the INA, as this Court knows, there's about 20 different usages of the term admission, admissibility, to be admitted, what the date of admission is, whether someone is admissible or inadmissible. And there are many legal fictions employed with regard to, which serve various purposes under the INA. But to the extent that the Boutchelet case that my colleague cites dealt with regulating conduct of people who were trying to emigrate to this country, and then it was, there was a question of whether they should be admitted or not, those concerns don't affect Mr. Moreno. Mr. Moreno has been here for 37 years. He came here on a humanitarian parole. He's almost 50 years old. So all the questions with regard to notice, fair notice, the ability to regulate conduct, and the methodology that were at play in Johnson, and this Court thought was at play in Baptiste and Matteo, those are absolutely at play in this case. I'm well over my time, and I thank you. Thank you very much. Ms. Shea? Sure. May it please the Court. My name is Jacqueline Shea, and I represent the Attorney General of the United States. I ask this Court to come to the following two conclusions. One, the Board reasonably determined that Mr. Moreno's conviction for possession of child pornography is categorically a crime involving moral turpitude for the purposes of immigration nationality. Two, the definition of the term crime involving moral turpitude is not unconstitutionally vague. How do you get around? Oh, sorry. Go ahead. What is the least culpable conduct necessary to sustain a conviction under Section 6312D, the Pennsylvania statute? Prohibited sexual act, Your Honor. All right. So the least culpable conduct is prohibited sexual act. And if two teenagers text each other photographs that could be viewed as depicting prohibited sexual acts, that would be child pornography? No, Your Honor, because in the Pennsylvania legislature, first, it goes against their legislative intent of the statute. Secondly, the Court did shut down – Why does it go against the intent of the statute? I mean, even if it's just nudity – I shouldn't say just nudity, but even if it's nudity, but if it's for sexual gratification, that falls within the statute. Well, Your Honor, nudity is a qualifier term, such as in the federal statute, levitia – levis – yeah, sorry. Yes.  Thank you, Your Honor. It's a qualifier for the statute, so it narrows the statute with that exact language. But additionally, the Pennsylvania legislature, in the case that he relies on, was overturned by the appellate court of Pennsylvania to find that – and it kind of shows in that case, Your Honor, the difficulties that courts have with technology and the law, similar cases as you raised, Your Honor. What case did you say your adversary relied upon that was overturned? It was Kutchemak, Commonwealth v. Kutchemak, that case. So that was overturned by the Pennsylvania Supreme Court? No, Your Honor. I'm sorry. It was just the appellate. The conviction was overturned with a dissenting judge, Judge Mundy, to send it. Yes, Your Honor. But, Your Honor, I would also argue that the language here is very similar, substantially similar to the Florida statute that was raised in a Queen case, which the board relied on. Additionally to the federal statute itself. That language, although it is slightly different, is substantially similar. As this court found in Knox, lascivious definition is tending to excite lust or lewd. Well, the Florida statute, it's sexual contact is very similar to lewd. And in this circumstance where we have the prerogative sexual act, nudity, if such nudity is afflicted for the purpose of sexual stimulation or gratification, that is similar language to the tending to excite lust. But I think, I thought your adversary's point was whether or not the participants in these images were an 18-year-old and a 17-year-old and 11 months and 29 days old person. And whether depicting that sort of conduct that you've just described would be deemed to be morally turpitudinous. And if so, why? And, Your Honor, it wouldn't be, as you mentioned earlier, Your Honor, it's the image itself, it's the objective analysis based on the image itself. And in Kitchen, the case that he relies, he never even, it never was raised, the relationship of the victim as a defense in that case. So it wasn't considered by the court. Well, my question to you is, though, is in the least culpable conduct perspective, the least culpable conduct that could violate 6312 theoretically could be an 18-year-old taking a picture of a 17-year-old and 11-month person. And our question, I guess my question is to you, and maybe you've answered it, it's because it's captured on an image. And that's what's different. Yes, Your Honor. So the image itself is, and that behavior is inherently base, vile, depraved, and contrary to the accepted rules of moral doubt. And why is it contrary to the accepted rules? Is it because legislatures have ruled that way? Six state courts and at least one circuit court have ruled that way? Like, why is it problematic? Why is it depraved? It's morally turpitous, Your Honor, because, as in Oshkosh, the Supreme Court said in Oshkosh, because the image itself is a recurring image, it's a permanent image that is recurring of child abuse every time someone views that image. But in the context where it's two consenting individuals, 117, 118, there's no distribution beyond themselves, how does that become morally turpitous? And again, Your Honor, I think that's the struggle with the court and the Pennsylvania court when they looked at that issue, or a similar issue, is the struggle of technology. And I think that affects all these statutes, Your Honor. Just the fact that potentially you could charge it under the statute, the next step would be to look to the legislative intent. But isn't that our role, though, if it's potentially chargeable and probably not a word, but convictable, under the law, under the categorical approach, if we say that conduct is not morally turpitudinous, then we have to say that in this particular instance, he does not have a crime involving moral turpitude, because categorically the statute covers non-turpitudinous conduct. Your Honor, the least culpable conduct test, I believe, is limited to the statute itself, whereas we're not considering the reasonable possibility test. This circuit has rejected that. Yeah, we're looking at the statute itself. And if the statute itself, if we were to conclude that the statute itself encompasses non-turpitudinous conduct, that means that you cannot apply the crime involving moral turpitude ground for deportation. That's correct. Yes, Your Honor. If you found something in the statute, in the least culpable conduct, that is not morally base or vile, then you would have to. All right. To you, well, that's Mr. Saxon's point, is that the statute itself sweeps in conduct that is perfectly innocent. We respectfully disagree, Your Honor. Again. I thought that was your answer to Judge Zinanski. I'm sorry. I thought your, what would. No, I asked it in a hypothetical sense. Yeah. But you say, no, that's not the case. It's not the case in this case. The statute will only punish culpable conduct. Turpitudinous conduct. Turpitudinous conduct. Yes, Your Honor. The entire statute has to be morally turpitudinous conduct for it to be a CID. So what do we make of today's younger generation and their propensity to engage in this kind of conduct? To what extent do we become arbiters of what is morally upright and what is not? Well, Your Honor, CIMTs in general, they do sometimes change with the law. But in this circumstance, based on society, they can change the law. It has been found, the board has found this, that possession of child pornography is a CIMT, and I think we would owe deference in this case for that. And that's the old Queen Rufino case? Yes, Your Honor. Mm-hmm. Now I'll address how the term CIMT is not unconstitutionally vague. The Boyd-Ford Angus Doctrine, first of all, does not apply to immiscibility grounds. Additionally, this Court can also reject this challenge based on the Supreme Court's decision in Jordan v. DeGeorge. And this case is also distinguishable from Johnson, DiMaia, Baptiste, and Matteo because the statutory language here under ATT&CK has been given concrete meaning by the agency and judicial adjudication. Your Honors, there's decades' worth of judicial and administrative opinion describing what a CIMT is and what it is not. The term CIMT has deep roots in law, the Supreme Court said in Jordan. There's a whole body of law. But it can also be indeterminate. I mean, don't you have Justice Alito recognizing that in certain instances the BIA has found some criminal conduct to be a CIMT and in other instances the same crime, not a CIMT? In Johnson, Your Honor? Not in Johnson. Maybe it was in Johnson. But I know, no, I think it's another case. I'll find it for you. Go ahead with your argument. Again, there's a whole body of law to go here. There are specific categories that the Board determines whether it's a CIMT. And this Court would owe deference to their circumstances. There's not the, as in the Supreme Court found in Johnson, there's no evidence of an unworkable standard here comparable to the 16B residual clause. It was Justice Alito's opinion, his dissenting opinion in Padilla v. Kentucky, where he said the BIA often equivocates when deciding whether a particular crime qualifies as a CIMT. Writing bad checks may or may not be a CIMT. Reckless assault coupled with an element of injury, but not serious injury, is probably not a CIMT. Whether a child abuse conviction involves moral turpitude may depend on the subsection under which the individual is convicted. Child abuse done with criminal negligence probably is not a CIMT. Isn't that some of the problem we have here with the lack of, or the indeterminacy of what is a CIMT? I would disagree, Your Honor, because the Board has made specific categories. Again, it doesn't, not every crime automatically fits in specific categories as is here. We have to take the Board's word for it. I mean, when it calls an offense a crime involving moral turpitude, we have to accept that. You do owe deference, Your Honor, but CIMT has deep roots in law. I mean, other categories not in the immigration context have determined what their CIMTs are, specifically in disbarment for attorneys. There's precedent to go to. Was Mr. Moreno's conviction, would it also have qualified as an aggravated felony? I believe so, yes, Your Honor. Because, again, looking at the federal statute, comparing it to the elements of this, the Pennsylvania statute, substantially similar in this case, each of those elements. But the decision in this case was to charge him as removable for a CIMT as opposed to an aggravated felony. Yes, Your Honor, that was the ground of the removal in this case. Has there been any time where an appellate court or the Supreme Court has found the phrase crime involving moral turpitude to be void for vagueness? Just the opposite, Your Honor. I mean, we have a Supreme Court precedent in Jordan, and additionally, several other circuits have found in the non-fraud context that CIMTs are not unconstitutionally vague. And I think Judge Fuentes actually talked about three of those. Is that correct? Yes, Your Honor. The Supreme Court has addressed the issue? Yes, Your Honor. What has it concluded? Crime involving moral turpitude is not an imprecise term? Correct, Your Honor. It's not void for vagueness, that term. Subject to further questions? There were three dissenting justices in that case. Justice Jackson wrote the dissenting opinion. You're talking about the Jordan case? Yes, Your Honor. Justice Black and Justice Frankfurter. CIMT is found in the Immigration Act has no sufficiently definite meaning to the constitutional standard for deportation. That cuts directly against you. We're not in a deportation context here as well, Your Honor. You're in removal. Removal, yes, Your Honor. Well, you're actually in an admissibility. In admissibility. In admissibility? Yes, Your Honor. Make a big difference? Yes, Your Honor. And that's in Boynton-Aire and in Basset, also in those cases, it was held that it does not, void for vagueness doctrine does not apply to admissibility grounds. But additionally, Your Honors, you could even bypass that issue and just look as applied, whether the void for vagueness applies. And here in this case, it's not unconstitutionally vague as applied, because Mr. Moreno was clearly unnoticed in this case, so his void for vagueness would fail. In summary, the Board's determination that Mr. Moreno's conviction for possession of child pornography is categorically a CIMT is well-reasoned and in accordance with Board precedent. This Court should defer to that reasonable determination. Even assuming Mr. Moreno can bring a vagueness challenge in the admissibility context, Mr. Moreno has not shown good reason to depart from the Supreme Court's decision in Jordan. Therefore, this Court should reject the claim that the phrase, crime involving more turpitude, is void for vagueness. Accordingly, we ask this Court today to deny Mr. Moreno's petition for review. Thank you, Your Honor. Thank you very much, Ms. Shea. Your Honor, may I just take two minutes? Yeah, I think you did deserve time. Thank you. First of all, just very quickly to your point about whether the possession of child pornography under the Pennsylvania statute would also constitute an aggravated felony. It's a very important point. No federal court has held that, and in fact, the BIA held in an unpublished decision, which I can provide to the Court after argument with a detailed analysis, that because the Pennsylvania statute for possession of child pornography is not coterminous with the federal statute for possession of child pornography. In fact, the Pennsylvania statute for possession of child pornography is not an aggravated felony. So it's an unpublished decision, but I'll be happy, it does set forth the analysis. They really basically go off on the issue of whether the focus of the child pornography matrix is based on the viewer or the photograph. Could you just mention the name of the case? Certainly, Your Honor. The name of the case is, the respondent's name is Calderon, C-A-L-D-E-R-O-N, and the agency case number is A-056-122-271. Speaking of cases, is there any case that you found that said child pornography statute is not a crime involving one or two? Have you found any? You mean the Pennsylvania statute regarding child pornography? Any child pornography statute. Have you found any case saying any child pornography statute is not a crime involving moral turpitude? Because all I have seen is, to the extent of child pornography statute has been presented, courts have found it to embody turpitudinous conduct. So my question is, have you found anything that says it's not? No, Your Honor. I haven't found any analysis that even addresses this post-sexting world where it could be applied. The statute could be applied to entirely consensual private communications that are, just to go back to your point, it's irrespective of who takes the picture. It's who receives the picture. So this could easily be the 17-year-old sending the picture and having liability as a 17-year-old and the 18-year-old for receiving the picture. And moreover, it's a strict liability offense, which up until now, this Court, in the Baboob case, this Court has restricted strict cases which find that crimes involving, that moral turpitude adheres in strict liability offenses, has restricted that only to cases involving indecent assaults of minors. The Court has rejected in Totemay and other cases that a case which imposes strict liability for possession, the Court has rejected SCIMT analysis, specifically in the Totemay case. And in Baboob, it went out of its way to point out, this Court went out of its way to point out that that case basically allowed for a minimal mens rea because it was directed towards protecting a specific class. I want to bring up just very briefly where you mentioned visiting with your Jersey colleagues, Your Honor, the Kashmonik case that was overturned with Judge Mundy's dissent. The majority opinion in that case, and forgive my Latin here, but the majority opinion said when faced with Kashmonik's appeal of a conviction, this is a case where the trial judge apologized to Kashmonik and said, I'm sorry that you, Mr. 19-year-old, have to be punished under this. You have to register as a sex offender, et cetera. I apologize. And Kashmonik, the trial judge said, but that's what the statute makes me do. And when it was appealed, the majority employed a Latin phrase, se sante ration le gis, se sate et le telex. When the reason of the law ceases, the law itself ceases. And, you know, I'm from New York, but I've been in Philly a really long time, and in Philly we would call this a yo judge. This is a yo judge opinion as if the appellate court was saying, and the lawyer was saying to the appellate court, yo judge, this is not child pornography. And Judge Mundy, while recognizing that the results may have been correct and just, pointed out very specifically that Kashmonik's behavior, his conduct, fell within the parameters of the statute. And so even though Kashmonik was overturned by the Superior Court, there's no question that what Kashmonik did fell within the parameters of the statute, and there's also no question that it was not based, filed, or depraved. Judge Schwartz's comment. Let me just ask you on the comment because no court has yet, has held that possession of child pornography is not morally turpitude. So we would be the first, and I've seen the three circuits have come out that way. Now, we would be the first, and why should we be the first? I don't mean for you to repeat your whole argument, but can you really sum why based on this Pennsylvania statute we should be the first? Because no court has considered this statute, and this statute specifically. You think this is very different from all the other statutes involving child pornography? In all candor, I haven't had the occasion to research other state child pornography statutes because this is a case which, you know, in just looking at the elements, we can see where that 16 to 18-year-old situation happens, and then lo and behold, even more than that, here's these two cases where those conduct was prosecuted. So to answer your question, yes, you would be. You'd be the first court to actually apply the categorical analysis in the CIMT prism to the Pennsylvania statute. Thank you. Thank you very much. Thank you, Mr. Smith. Well argued on both sides. We'll take it under advice. Was there anything else? Yes. Thank you. Thank you.